## JOHN L. GRIFFIN v. THE STATE.

1—In a trial for an aggravated assault the court instructed the jury that "the defendant is presumed to be innocent until his guilt is established to your satisfaction." *Held,* that the instruction was correct, and did not warrant a conviction on less proof than required by law.

2—When, by virtue of Article 648 of the Code of Criminal Procedure (Pasch. Dig., Art. 3113), a husband is examined as a witness in behalf of his wife, or a wife in behalf of her husband, the witness is not subject to be cross-examined.

APPEAL from Panola. Tried below before the Hon. J. B. Williamson.

The appellant was indicted and convicted of an aggravated assault on one Tabitha Leslie, and his punishment was assessed by the jury at a fine of two hundred dollars. The opinion indicates all the facts necessary.

*Donley,* for the appellant.

*Attorney General,* for the State.

LINDSAY, J.—We can discover no error in this case which demands a reversal. There is no defect in the indictment. But there are two special errors assigned as reasons why the court should have sustained the motion of defendant for a new trial in the court below. First, that the court erred in the instructions given to the jury, and in refusing those asked by the defendant. And second, that the court erred in not arresting the argument of the attorney for the State, in his comments upon the comparative value of the testimony of the two only witnesses examined upon the trial—one for the prosecution, and the other for the defence.

The charge of the court embraced the law, as applicable to the facts proved. The testimony of the two witnesses was conflicting, and the court very properly referred the settlement of that conflict to the jury, who were the exclusive judges of their credibility, and who had the right to believe the one and wholly disregard the other. This was the especial province of the jury. The design of all testimony, introduced before a jury, is to *satisfy* their minds of the truth or falsehood of the given proposition. Therefore, there *can* be no doubt in a case, if their minds are *satisfied*. A doubt *ex vi termini* implies that the mind is not *satisfied*. Hence, we can not admit that there is any force in the objection to that portion of the charge which instructed them, that " the defendant is presumed to be innocent until his guilt is established to their ( your ) satisfaction." If *satisfied*, they can have no doubt; and that is the full import of the law.

The exception to the argument of counsel is both novel and unique. It is an assignment of error for the revision of this court that is unprecedented. The argument of the counsel was neither the law nor the facts of the case, which are alone the special objects for the consideration of this court on appeal. If facts are improperly admitted, or the law wrongly expounded by the court to the jury, such errors are proper subjects of revision. But, although advocates, or attorneys, may, *arguendo*, propound as law to the jury what is not law, the real and the

whole law of the case, after the argument is over, is presumed to be given in charge to the jury by the court. But the case itself is no less peculiar than novel. The sole witness for the defense was the wife of the defendant, whom the court would not permit the attorney for the State to cross-examine upon the trial, and this peculiarity of the testimony elicited the comments of the attorney, who sought, by argument, to weaken its force, because of the want of that usual and greatest test of truth, a cross-examination. Such a line of argument upon the case was legitimate and proper, and it becomes not the defendant to object, or except to, the privilege of exemption from the scrutiny of a cross-examination of the only witness relied upon in his defense. The Criminal Code of Texas has made the husband and wife competent witnesses *for* each other in criminal prosecutions, but not *against* each other. This innovation upon the common law has necessitated the introduction of an anomaly in the law of criminal evidence, and operates to exclude the application of that great philosophical test of the truth of all human testimony, a searching cross-examination. For, if the cross-examination were allowed, it would render of none effect the other part of the same article of the Code, which declares that " the husband and wife can, in no case, testify against each other, except in a criminal prosecution for an offense committed by one against the other." In a cross-examination, the witness for a party is often made the most efficient instrumentality in his conviction; and thus to cross-examine the husband or wife as a witness in the public trial of either, might supply a failure of proof from other sources, and entirely defeat the object of the rule—to prevent each from becoming the instrument of conviction of the other. In the finding of this verdict by the jury, there was a practical vindication of the philosophy of the common law rules in their total disregard of the testimony of the wife, though unblemished in character, for aught that appears in the evidence. This is one among other anomalies superinduced in the laws of evidence by the provision of the Code, which, however, is generally

only declaratory of what the common law is. It is not perceived, therefore, that the line of argumentation pursued by the attorney for the State, in his endeavors to impress upon the jury the weakness, or even the total worthlessness, of the testimony of the wife, under such circumstances, ought to be regarded as error, and the subject of revision by this court.

The judgment of the court below is affirmed.

Affirmed.